## BUCHANAN et al. v. COTTONPORT BANK.

### Civ. No. 3278.

United States District Court
W. D. Louisiana.
Alexandria Division.

Feb. 28, 1952.

John A. Boatner, Jr., Bunkie, La., for plaintiffs.

Anthony J. Roy, Earl Edwards, Marksville, La., for defendant.

DAWKINS, Chief Judge.

Plaintiffs sued defendant upon nine dishonored checks, alleging that the latter unduly and unnecessarily delayed reporting that the drawee, Wayne Williams, doing business as Williams Motor Company, did not have sufficient funds to meet the checks and that they had been turned down. As listed, the checks were dated as follows:

| Check No. | Date | Amount |
|---|---|---|
| # 2421 | 4/29/50 | $2345.00 |
| # 2432 | 5/3/50 | 6840.00 |
| # 2441 | 5/6/50 | 2775.00 |
| # 2451 | 5/9/50 | 7775.00 |
| # 2457 | 5/11/50 | 3000.00 |
| # 2462 | 5/13/50 | 4135.00 |
| # 2463 | 5/13/50 | 2575.00 |
| # 2464 | 5/13/50 | 3100.00 |
| # 2466 | 5/14/50 | 3310.00 |

The complaint alleges that said checks were promptly deposited in the Bank of Murray of Murray, Kentucky, which sent the first of the series "direct for collection" on May 4, 1950, to the Citizens Fidelity Bank and Trust Company of Louisville, Kentucky, called the Louisville Bank, which was the correspondent bank of the said Bank of Murray, and that the latter, in turn, sent all of the checks as they were received direct to the defendant on which they were drawn, with instructions to advise by telegraph whether they were honored; that the first information or notice given by the defendant of insufficient funds to meet any of them was on May 16, some twelve days from the time the first was sent to the Louisville Bank; that in the meantime plaintiffs had received the other eight checks and automobiles and parts to the value of $35,855 had been delivered to the said Williams Motor Company, which would not have been done had plaintiffs known the checks were not being paid, thereby causing them to lose the amounts which said checks represented.

Defendant has moved to dismiss the complaint on the following grounds:

"A. The complaint of plaintiffs fails to state a claim upon which the relief sought for can be granted;

---

3. In re Burrus, supra.

64

"B. The complaint of plaintiffs shows that an indispensable party plaintiff has not been joined in this action;

"C. The complaint of plaintiffs discloses that they have no right to maintain this action and, consequently, no right to stand in judgment herein."

This motion to dismiss was argued and submitted on June 20, 1951, on which date counsel for defendant filed its brief. Plaintiffs' counsel were given 30 days from that time to file their briefs, but to this date none has been filed. In a letter dated February 15, 1952, counsel for defendant have asked the Court to rule upon the motion.

Had this suit been brought by the legal entity to whom the cause of action belonged under the law of Louisiana, this Court would be disposed to overrule the motion insofar as ground (A) is concerned. However, it was by the partners in their own names, and it is settled by the law of Louisiana that such an action cannot be maintained by them as it belongs to the partnership which is the only party entitled to sue, even though all of the partners are joined as plaintiffs. See Coast v. Hunt Oil Company, D.C., 96 F.Supp. 53, and authorities cited therein.

For these reasons, motions (b) and (c) must be sustained and the suit dismissed.